IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JUDITH MARCIA WILLIAMS,

    Plaintiff,

vs.                                         Case No.  4:22cv460-AW-MAF

SENATOR WILLIAM MONTFORD,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

    Plaintiff, proceeding pro se, initiated this case in mid-December 2022 by submitting a civil rights complaint, ECF No. 1.  Plaintiff was granted leave to proceed in forma pauperis, ECF No. 5, and her initial complaint was reviewed.  Finding it insufficient, Plaintiff was required to file an amended complaint if she desired to proceed with this case, and if there was a legal basis to do so.  ECF No. 5.  Plaintiff's amended complaint has now been filed, ECF No. 6, and reviewed to determine it if is sufficient for service.

    The amended complaint makes a broad and conclusory assertion that Senator Montford made a promise to Plaintiff of "diplomatic immunity"

and to assist Plaintiff and her husband in getting justice.  ECF No. 6 at 4.  Plaintiff alleges that her husband's home "is being watch [sic] and he is handicap but educated."  *Id.*  She alleges that she "was put in a scam apartment and no way out."  *Id.*

Plaintiff has not alleged the violation of a federal constitutional right.  Further, there is no legal basis to bring a claim against an elected official for making promises which were not kept.  If that were an acceptable basis for legal action against a politician, the courts would be very busy indeed.  As Plaintiff was previously informed, a claim for broken promises is insufficient as a matter of law because it does not involve a judicially enforceable right.  Plaintiff has not demonstrated that she and the Senator had a legally enforceable contract and, therefore, she cannot pursue a claim against him for failing to carry out an unenforceable "promise."

Within the "statement of claims" section of the amended complaint, Plaintiff adds that the Defendant committed "discrimination" and was "not willing to do his job in assisting two royal people . . . from the Hall royal family of Canada, Paul & Synthia Hall."  ECF No. 6 at 6.  Again, that conclusory allegation is insufficient.  Plaintiff has provided no facts to support a claim of discrimination because she has not shown that she was

treated differently than any other person based on a constitutionally protected basis.  Plaintiff also does not explain any facts which show that the named Defendant took any actions that were discriminatory.  The claim is insufficient as a matter of law.

Because Plaintiff has not asserted facts which demonstrate that her constitutional rights were violated by the Defendant, not has she shown that the Defendant violated federal law and caused her harm, this case should be dismissed.  It does not appear that further opportunities to submit an amended complaint would be beneficial as no plausible claim is evident from either Plaintiff's original complaint or her amended complaint.  Therefore, this case should be dismissed.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's amended complaint, ECF No. 6, be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** at Tallahassee, Florida, on January 18, 2023.

S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 4:22cv460-AW-MAF

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to the findings and recommendations. Fed. R. Civ. P. 72(b)(2). If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, the party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**